UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JOT RAYMOND, *et al.*, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:09-CV-48 |
| | ) | | (VARLAN/GUYTON) |
| TENNESSEE VALLEY AUTHORITY, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on the Motion to Substitute as Transferee in Interest or, in the Alternative, to Intervene of Citizens First Bank [Doc. 346]. In the motion, Citizens First Bank ("Citizens") moves the Court, pursuant to Rules 25(c) and 24 of the Federal Rules of Civil Procedure, to substitute it as a party plaintiff due to the transfer of ownership of certain real property previously owned by plaintiffs Jot and Brenda Raymond and Walter and Leah Stewart. Alternatively, Citizens moves the Court to intervene in this action by right or by permission. Defendant Tennessee Valley Authority ("TVA") has submitted a response in opposition to the motion [Doc. 348], and Citizens has submitted a reply [Doc. 349].

For the reasons set forth herein, Citizens' request to substitute itself for certain property damage claims asserted over properties previously owned by the Raymonds and Stewarts will be **GRANTED** and Citizens will be **JOINED** as a party plaintiff to this action. The Raymonds and Stewarts will remain as plaintiffs.

**I.     Background**

This action arises out of the coal ash spill at TVA's Kingston Fossil plant (the "KIF plant"). According to the third amended complaint, the Raymonds own property at 134 Happy Hollow Road, Harriman, Tennessee, and have developed and own parcels in the area impacted by the coal ash spill [Doc. 98]. Similarly, the Stewarts allege that they own property and reside at 207 Lake Circle Drive, Harriman, Tennessee, and have developed and own parcels located in the area impacted by the coal ash spill [*Id.*]. The Raymonds and the Stewarts assert claims against TVA sounding in tort for damage to real property, damage to personal property, loss of qualify of life, aggravation and inconvenience, and the creation of conditions that are harmful to human health and the environment. Both plaintiffs seek relief from TVA in the form of compensatory damages for all real and personal property damage, economic loss, out-of-pocket expenses, loss of use of property, loss of quality of life, aggravation and inconvenience, and damages for the emotional distress.[1] In the instant motion, Citizens claims that on or about June 2010, through on or about August 2010, it acquired title to certain real properties previously owned by the Raymonds and the Stewarts through foreclosure actions based on mortgages held by Citizens and for which the respective property served as security [Doc. 347].

---

[1]The Court previously granted TVA's motions for summary judgment on plaintiffs' inverse condemnation claims, punitive damages claims, and plaintiffs' tort-based claims pertaining to TVA's removal and remediation conduct following the coal ash spill. *See Mays v. TVA*, 699 F. Supp. 2d 991, 1022-23 (E.D. Tenn. 2010); *In re TVA Ash Spill Litig.*, No. 3:09-CV-6, 2011 WL 3329413 (E.D. Tenn. Aug. 2, 2011).

2

The record of this case contains a successor trustee's deed showing a foreclosure by Citizens on properties previously owned by the Raymonds [Doc. 349-2; Doc. 348-4]. The deed recites that the Raymonds executed a deed of trust as security for a loan obtained from Citizens and that the Raymonds defaulted and foreclosure proceedings were initiated at Citizens' request [*Id.*]. The deeds state that a foreclosure sale was then held on June 23, 2010 at which Citizens purchased the Raymond's properties for $300,000.00 [*Id.*]. The record of this case also contains two substitute trustees' deeds showing foreclosures by Citizens on properties previously owned by the Stewarts [Doc. 349-3; Doc. 348-2, 348-3]. These deeds recite that the Stewarts executed a deed of trust as security for a loan obtained from Citizens and that the Stewarts defaulted and foreclosure proceedings were initiated at Citizen's request [*Id.*]. The deed states that a foreclosure sale was held on August 30, 2010 at which Citizens purchased the Stewart's property for $164,248.37 [*Id.*]. The granting provisions of the deeds state that Citizens purchased the properties in an "AS IS WHERE IS condition" [Doc. 348-2, p. 2; Doc. 348-3, p. 2].

## II. Analysis

Citizen asserts that because it currently holds title to certain properties previously owned by the Raymonds and the Stewarts, it is a real party in interest under Rule 25(c) for the recovery of property damages in regard to those specific properties. Citizens submits, however, that the Raymonds continue to own other properties impacted by the coal ash spill, and that the Raymonds will continue as plaintiffs in this action for their claims arising out of properties not owned by Citizens. Citizen also submits that the Stewarts will continue as

3

plaintiffs in this action for their claims of aggravation, inconvenience, and loss of quality of life arising out of their period of ownership of the property purchased at foreclosure by Citizens. TVA opposes Citizens' request for substitution, asserting that Citizens is not a transferee through foreclosure of claims for alleged pre-foreclosure property damages to the properties.

In the alternative, Citizens requests that it be permitted to intervene by right or by permission in this action because it claims an interest relating to the properties that are the subject of this action, because that interest is not currently being protected, because the prior owners and present plaintiffs cannot adequately represent Citizens' interest, and because Citizens shares common questions of law and fact. TVA opposes Citizens' request for intervention as of right and by permission because certain properties foreclosed upon by Citizens are not the subject of claims in this action, title to other properties foreclosed upon by Citizens is disputed in pending state court litigation, and any post-foreclosure claim by Citizens for property damage post-spill would be barred by the Court's discretionary function ruling that TVA may not be liable in tort for its removal and remediation conduct following the coal ash spill. TVA also opposes Citizens' request for intervention on the procedural ground that Citizens failed to submit a proposed pleading identifying the claims for which intervention is sought, as required by Rule 24(c).

TVA submits that it would not oppose the issuance of orders preserving Citizens' claim to litigation proceeds the Raymonds or the Stewarts may obtain from TVA in regard

4

to the subject properties [*See* Doc. 348-1].[2] TVA submits that entry of such orders would protect Citizens' interest in potential litigation proceeds without requiring modification of the scheduling order and the reopening of discovery.

Federal Rule of Civil Procedure 25(c) provides that, "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). Rule 25(c) is a procedural mechanism which allows "the action to continue unabated when an interest in the lawsuit changes hands[,]" rather than requiring initiation of an entirely new lawsuit. *Educ. Credit Mgmt. Corp. v. Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (citations omitted). "The rule expressly permits parties to continue in an action, even if they do not remain the real party in interest, as long as the cause of action *itself* survives the transfer to the new party." *ELCA Enter., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995). *See also Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13

---

[2]TVA has submitted proposed orders with its response to Citizens' motion which state that because Citizens "seeks to protect its interests with regard to any recovery in th[ese] proceeding[s] by [the Raymonds and the Stewarts] for damages to property formerly owned by [the Raymonds and the Stewarts] which was acquired by Citizens . . . through foreclosure . . . . [it is] ORDERED that all damages, recoveries, proceeds by settlement, or otherwise . . . recovered by [the Raymonds and the Stewarts], to the extent the damages are to the properties identified in the [deeds] . . . are deemed subject to Citizens . . . claim against [the Raymonds and the Stewarts]." [Doc. 348-1].

Similar agreed orders tendered on behalf of banks in other actions in the TVA ash spill litigation have previously been entered by the Court. *See, e.g., Scofield, et al. v. TVA*, No. 3:09-CV-64, Doc. 336; *Ladd Landing, LLC, et al. v. TVA*, No. 3:11-CV-596, Docs. 49-54]. These orders, however, consider "validly perfected lien[s] against . . . real property owned by [the plaintiffs,]" not properties acquired by the banks through foreclosure. Thus, while the property interests sought to be protected in these cases are similar, the interests are not identical. In addition, the banks in these cases did not request substitution or intervention.

5

F.3d 69, 71 (3d Cir. 1993) ("When a defendant corporation has merged with another corporation . . . the case may be continued against the original defendant and the judgment will be binding on the successor even if the successor is not named in the lawsuit."). Because joinder or substitution under Rule 25(c) is a procedural device that does not typically alter the substantive rights of a party, a Rule 25(c) decision is generally left to the court's discretion. *Luxliner P.L. Export, Co.*, 13 F.3d at 71.

As an initial matter, the Court notes that Citizens' request for substitution under Rule 25(c) is only in regard to property damage claims relating to certain properties now owned by Citizens following foreclosure proceedings. For instance, it appears from the third amended complaint that in addition to the properties transferred to Citizens by foreclosure, the Raymonds own other properties they allege to have been damaged by the coal ash spill. Thus, Citizens' request for substitution is more properly framed as a request for joinder under Rule 25(c). *See* Fed. R. Civ. P. 25(c) (allowing a party to be "substituted in the action or joined with the original party"). The Court also notes that whether or not these properties were purchased at the foreclosure sales "as is where is" does not seem to be in dispute [Doc. 349, pp. 2-3 (stating that because Citizens acquired the properties "as is, where is" is "precisely the reason Rule 25(c) would permit substitution")]. Furthermore, given the procedural nature of a Rule 25(c) motion, the Court finds whether the Raymonds and the Stewarts transferred their pre-foreclosure property damages claims to Citizens is, at the present stage of this proceeding, not material to the question of substitution or joinder.

6

As the Eighth Circuit for the United States Court of Appeals stated in a case involving Rule 25(c), the rule does not determine what actions survive a transfer of interest by a party, but instead only deals with the mechanics of substitutions in an action which does survive under applicable substantive law. *ELCA Enters.*, 53 F.3d at 191 (reversing the district court after finding that the plaintiff maintained a viable claim after a transfer of interests). While TVA argues that Citizens is not a transferee through foreclosure of claims for alleged pre-foreclosure property damages, the Court does not find this to be a sufficient reason to deny substitution under Rule 25(c). To the extent plaintiffs are found to be entitled to damages in this action based upon pre-foreclosure damages, that issue, and the impact of the Court's discretionary function ruling, may arise and be resolved at a later stage in this proceeding. Notably, TVA makes no argument that the property damage claims asserted by the Raymonds and the Stewarts in regard to the foreclosed-upon properties did not survive or were extinguished by the foreclosure actions, arguing instead that the extent of Citizens' potential recovery on those claims will necessarily be limited.

In addition, while TVA points out that orders entered on behalf of banks in other actions in this litigation are sufficient to preserve those banks' interests and claims to litigation proceeds, the Court's review of the circumstances surrounding the claims in those actions and the circumstances presented in this action are distinguishable. In the other actions, the banks were asserting interests in the properties based on mortgage interests. Here, Citizens is asserting interests in the properties based on transfers of ownership to Citizens through foreclosure proceedings. Thus, the interests of the banks in the other

7

actions and the interests of Citizens in this action are slightly different and more in line with the transfer of interest described in Rule 25(c).

Finally, as a Rule 25(c) joinder does not require anything to be done, and given the somewhat unique procedural posture of this litigation, the Court agrees with plaintiffs that joinder is the most efficient way to handle Citizens' interests in the properties now owned by Citizens, in the event alleged injuries to those interests are found to be compensable. Any supplemental discovery needed by TVA as a result of the joinder can be accomplished dependent on and following the Court's decision regarding the Phase I portion of this litigation.

### III. Conclusion

For the reasons stated herein, the Motion to Substitute as Transferee in Interest or, in the Alternative, to Intervene of Citizens First Bank [Doc. 346] is **GRANTED** and Citizens First Bank is **JOINED** as a party plaintiff to this action due to the transfer of certain real properties previously owned by plaintiffs Jot and Brenda Raymond and plaintiffs Walter and Leah Stewart. At this time, the Raymonds and the Stewarts remain as plaintiffs in this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE

ENTERED AS A JUDGMENT

    s/ Debra C. Poplin  
    CLERK OF COURT